UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAVIER CEBALLOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 25-1367 (PLF) |
| | ) |
| MARCO A. RUBIO,[1] | ) |
| Secretary of State, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

OPINION AND ORDER

This case is before the Court on the government's Motion to Dismiss [Dkt.

No. 7].[2]  Plaintiff Javier Ceballos, a United States citizen residing in Mexico, submitted a Form

I-130 Petition for Alien Relative to obtain a family-sponsored immigrant visa on behalf of his

wife, Maytte Candelario.  Compl. ¶¶ 11, 21.  In connection with her immigrant visa application,

Ms. Candelario attended an interview by the U.S. Consulate General in Ciudad Juárez.  Id. ¶ 24.

At the conclusion of that interview, Ms. Candelario was informed that her visa application had

been refused and would be placed in "administrative processing."  Id. ¶¶ 25-26.  Mr. Ceballos

---

[1]	Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Markwayne Mullin, current U.S. Secretary of Homeland Security; Joseph Edlow, current Director of U.S. Citizenship and Immigration Services; and Katharine Beamer, current Consul General, U.S. Consulate General in Ciudad Juárez, are "automatically substituted" as parties to this litigation.

[2]	The documents considered by the Court in connection with the pending motion include: Plaintiffs' Petition for Writ of Mandamus and Complaint for Injunctive Relief ("Compl.") [Dkt. No. 1]; Defendants' Motion to Dismiss and Memorandum in Support Thereof ("MTD") [Dkt. No. 7]; Plaintiffs Javier Ceballos' Opposition to Defendants' Motion to Dismiss ("Opp.") [Dkt. No. 8]; Notice of Errata [Dkt. No. 9]; and Reply in Further Support of Defendants' Motion to Dismiss ("Reply") [Dkt. No. 11].

now contends that the government has unreasonably delayed a decision on Ms. Candelario's visa application, and he seeks an order compelling the government to decide the application within fifteen days or as soon as reasonably possible. Id. ¶¶ 5, 49. Upon careful consideration of the parties' written submissions and the relevant authorities, the Court will grant the government's motion and dismiss the complaint.

## I. BACKGROUND

### A. Statutory Background

The Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., governs the issuance of various types of visas to foreign nationals seeking entry into the United States. Pursuant to the INA, the State Department has promulgated numerous regulations pertaining to immigrant visas. One such regulation provides that "[w]hen a visa application has been properly completed and executed before a consular officer in accordance with the provisions of the INA and the implementing regulations, the consular officer must issue the visa [or] refuse the visa under INA 212(a) or 221(g) or other applicable law." 22 C.F.R. § 42.81(a). Section 221(g) of the INA, in turn, provides that if an applicant fails to establish visa eligibility, the consular officer "shall" refuse the application. See 8 U.S.C. § 1201(g); see also id. § 1361 (placing the burden on the applicant to establish eligibility).

The consular officer may, however, "choose to place an officially refused application in administrative processing," which allows the officer to "re-open and re-adjudicate" the previously refused application if additional information comes to light. Karimova v. Abate ("Karimova"), No. 23-5178, 2024 WL 3517852, at *2 (D.C. Cir. July 24, 2024) (per curiam) (citing 9 Foreign Affairs Manual § 306.2-2(A)(a)). "Unless and until" a consular officer re-opens a visa application, the "application remains officially refused." Id. "Because the visa

2

application has already been officially refused, keeping the door open in administrative processing can only benefit, never hurt, the applicant's entry prospects." Id.

Under the Mandamus Act, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Under the Administrative Procedure Act ("APA"), a court may compel agency action that is "unreasonably delayed." 5 U.S.C. § 706(1). Under Section 706(1) of the APA, however, "a delay cannot be unreasonable with respect to action that is not required" by law. Norton v. S. Utah Wilderness All. ("Norton"), 542 U.S. 55, 63 n.1 (2004); see also id. at 64 ("[A] claim under [Section] 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take.").

### B. Factual and Procedural Background

Plaintiff Javier Ceballos is a U.S. citizen who resides in Mexico. Compl. ¶ 11. On August 28, 2019, Mr. Ceballos submitted a Form I-130 Petition for Alien Relative on behalf of his wife, Maytte Candelario. Id. ¶ 21. The petition was approved in November 2020. Id. ¶ 22. A consular officer interviewed Ms. Candelario in connection with her visa application at the Office of the U.S. Consulate General in Ciudad Juárez on June 21, 2022. Id. ¶ 24. Following that interview, Ms. Candelario's visa application was refused and placed in "administrative processing." Id. ¶¶ 25-26. Mr. Ceballos has since inquired about the status of his wife's application but has not received any information on the next steps. Id. ¶¶ 27-31. Mr. Ceballos alleges that he and his wife are suffering significant personal, financial, and emotional hardship due to the delay in processing Ms. Candelario's visa application. Id. ¶¶ 6-10.

3

Mr. Ceballos initiated this suit on May 5, 2025. See Compl. He alleges that the government has unreasonably delayed the final adjudication of Ms. Candelario's visa application, and he asserts causes of action arising under the APA, 5 U.S.C. § 706(1), the Mandamus Act, 28 U.S.C. § 1361, and the Fifth Amendment to the U.S. Constitution. See Compl. ¶¶ 42-48. On December 4, 2025, the government moved to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. See MTD. The plaintiffs filed an opposition on December 18, 2025, see Opp., and the government filed a reply on January 22, 2026, see Reply. The government's motion is now ripe for decision.

## II. STANDARD OF REVIEW

*A. Motions to Dismiss Under Rule 12(b)(1) of the Federal Rules of Civil Procedure*

Federal courts are courts of limited jurisdiction, possessing only those powers authorized by the Constitution and an act of Congress. See Janko v. Gates, 741 F.3d 136, 139 (D.C. Cir. 2014); Abulhawa v. U.S. Dep't of the Treasury, 239 F. Supp. 3d 24, 30 (D.D.C. 2017). Lack of subject matter jurisdiction is fatal to a court's authority to hear a case. See FED. R. CIV. P. 12(h)(3). The plaintiff bears the burden of establishing that the Court has jurisdiction. See Khadr v. United States, 529 F.3d 1112, 1115 (D.C. Cir. 2008); Walen v. United States, 246 F. Supp. 3d 449, 452 (D.D.C. 2017). In determining whether to grant a motion to dismiss for lack of subject matter jurisdiction, the Court must construe the complaint in the plaintiff's favor and treat all well-pleaded factual allegations as true. See Attias v. CareFirst, Inc., 865 F.3d 620, 627 (D.C. Cir. 2017). The Court "need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint," and the Court need not accept a plaintiff's legal conclusions. Disner v. United States, 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting Speelman v. United States, 461 F. Supp. 2d 71, 73

4

(D.D.C. 2006)).  In determining whether a plaintiff has established jurisdiction, the Court "may consider materials beyond the pleadings where appropriate."  Cumis Ins. Soc'y, Inc. v. Clark, 318 F. Supp. 3d 199, 207 (D.D.C. 2018).

### B. Motions to Dismiss Under Rule 12(b)(6) of the Federal Rules of Civil Procedure

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must plead facts that "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570); see Spence v. U.S. Dep't of Veterans Affs., 109 F.4th 531, 539 (D.C. Cir. 2024).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  In re Interbank Funding Corp. Sec. Litig., 629 F.3d 213, 218 (D.C. Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. at 678).

In deciding a motion to dismiss under Rule 12(b)(6), the Court "must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor."  Sanchez v. Off. of State Superintendent of Educ., 45 F.4th 388, 395 (D.C. Cir. 2022); see Ashcroft v. Iqbal, 556 U.S. at 678.  The Court considers the complaint in its entirety, see Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007), and construes it liberally, granting the plaintiff "the benefit of all inferences that can [reasonably] be derived from the facts alleged," Sickle v. Torres Advanced Enter. Sols., LLC., 884 F.3d 338, 345 (D.C. Cir. 2018)

(alteration in original).  The Court, however, need not accept all inferences drawn by the plaintiff "if such inferences are unsupported by the facts set out in the complaint." Nurriddin v. Bolden, 818 F.3d 751, 756 (D.C. Cir. 2016); see Ashcroft v. Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555); see also Kaempe v. Myers, 367 F.3d 958, 963 (D.C. Cir. 2004) ("Nor must we accept as true the complaint's factual allegations insofar as they contradict exhibits to the complaint or matters subject to judicial notice.").

### III. DISCUSSION

#### A. Nondiscretionary Duty

In Counts One and Two of his complaint, Mr. Ceballos challenges the government's alleged failure to timely adjudicate Ms. Candelario's visa application, and he asks the Court to compel the government to decide the application promptly.  See Compl. ¶¶ 32-43. The plaintiff seeks such action under both the APA, 5 U.S.C. § 706(1), and the Mandamus Act, 28 U.S.C. § 1361.  See id.  To prevail under either statute, Mr. Ceballos must make a "threshold" showing that the government has "failed to take a discrete agency action that it is required to take." Karimova, 2024 WL 3517852, at *1 (quoting Norton, 542 U.S. 55 at 64); see Skalka v. Kelly, 246 F. Supp. 3d 147, 152 (D.D.C. 2017) ("The standard by which a court reviews this type of agency inaction is the same under both [Section] 706(1) of the APA and the Mandamus Act.").  Put differently, Mr. Ceballos must identify a discrete, nondiscretionary duty that obligates the government to take further action on Ms. Candelario's visa application.  See Karimova, 2024 WL 3517852, at *1.  The Court has no authority to compel a "discrete agency

6

action that is not demanded by law (which includes . . . agency regulations)." Norton, 542 U.S. at 65.

Mr. Ceballos has not identified a discrete, nondiscretionary duty that requires the government to act further on Ms. Candelario's visa application.[3] Mr. Ceballos points to 8 U.S.C. §§ 1153(a) and 1202(b) and 22 C.F.R. § 42.21(a) as potential sources of the government's nondiscretionary duty. See Compl. ¶ 40. His arguments with respect to each provision can be dispensed with in short order based on this Court's recent opinions applying the D.C. Circuit's Karimova decision. See Lorkalantari v. U.S. Dep't of State ("Lorkalantari"), Civil Action No. 25-1947 (PLF), 2026 WL 1707622, at *4-5 (D.D.C. June 12, 2026); Rajabi v. Rubio, ("Rajabi"), Civil Action No. 24-01968 (PLF), 2026 WL 252233, at *4 (D.D.C. Jan. 30, 2026); Hurtado v. Foley ("Hurtado"), Civil Action No. 24-3270 (PLF), 2025 WL 2757557, at *4 (D.D.C. Sep. 29, 2025); Datta v. Rubio ("Datta"), Civil Action No. 24-2937 (PLF), 2025 WL 752643, at *7 (D.D.C. Mar. 10, 2025). Importantly, as in each of those prior cases and Karimova itself, Mr. Ceballos concedes that Ms. Candelario's visa application has been "refused" pursuant to Section 221(g) of the INA. See Compl. ¶¶ 25-26.

In Karimova, a unanimous panel of the D.C. Circuit explained that when a consular officer "officially refuse[s]" a visa application pursuant to INA Section 221(g), any duty that the officer may have had to adjudicate the application under Section 555(b) of the APA is

---

[3]    The government makes two additional arguments. First, the government contends that Mr. Ceballos "names as defendants officials outside the State Department who should be dismissed for a lack of jurisdiction because they have no alleged role in re-adjudicating the Visa Application." MTD at 4. Second, the government argues that "[b]ecause Plaintiff is seeking to compel action after a consular officer has refused the requested visa, this suit runs headfirst into the consular non-reviewability doctrine." Id. at 9. Because the Court agrees that Mr. Ceballos has not identified a discrete, nondiscretionary duty that the government must fulfill for an already-refused visa application, the Court need not consider the government's alternate arguments.

7

discharged.  Karimova, 2024 WL 3517852, at *4; see 8 U.S.C. § 1201(g).  And that is so even if the consular officer proceeds to place the executed visa application into administrative processing.  See Karimova, 2024 WL 3517852, at *4 ("Nothing in federal law speaks to the ability of a consul . . . to hold onto the [refused] application in case circumstances later change in the applicant's favor . . . .").  Simply put, Karimova holds that an applicant who has been issued a refusal under Section 221(g) has received a "decision that the law expressly authorizes as one of the allowed actions on a visa application," regardless of whether the application is eventually "re-open[ed] and re-adjudicate[d]."  Id. at *2, *4.

The Court acknowledges that judges in this district disagree on whether the D.C. Circuit's unpublished decision in Karimova is precedential.  See Datta, 2025 WL 752643, at *6 n.3 (collecting cases).  This Court declines to wade into that debate and instead concludes, as it has in prior opinions, that the D.C. Circuit's reasoning is persuasive and that the facts in Karimova are not meaningfully distinguishable from the facts at issue here.  See Lorkalantari, 2026 WL 1707622, at *4 (adopting Karimova's reasoning); Rajabi, 2026 WL 252233, at *4; (same); Hurtado, 2025 WL 2757557, at *4 (same); Datta, 2025 WL 752643, at *7 (same); see also  Ariani v. Rubio, Civil Action No. 25-0349 (TSC), 2025 WL 3653503, at *4 (D.D.C. Dec. 17, 2025) ("[T]he court finds Karimova persuasive."); Kachooee v. Allen, Civil Action No. 25-00139 (TNM), 2025 WL 2986451, at *2 (D.D.C. Oct. 23, 2025) ("Karimova is persuasive."); Baradaran v. Rubio, Civil Action No. 24-2946 (DLF), 2025 WL 2506546, at *2 (D.D.C. Sep. 2, 2025) (concluding that Karimova's "reasoning is persuasive and applies here"); Pour v. Rubio, Civil Action No. 25-573 (JEB), 2025 WL 2374559, at *5 (D.D.C. Aug. 14, 2025) ("Regardless of whether Karimova is actually binding, it is still a case decided by the Circuit that contains reasoning that the Court finds persuasive as to the APA."); Doroodchi v. Rubio, Civil

8

Action No. 24-3170 (CRC), 2025 WL 1865114, at *4 (D.D.C. July 7, 2025) (applying Karimova as "the considered and unanimous judgment of a D.C. Circuit panel"); Moradi v. Rubio, Civil Action No. 24-2902 (GMH), 2025 WL 1865110, at *6 (D.D.C. July 7, 2025) (accepting Karimova's persuasive value because it was "entered following oral argument and includes a rather lengthy exegesis of its legal reasoning" and thus "more closely resembles a published opinion").

To be sure, in Karimova, the D.C. Circuit addressed whether 5 U.S.C. § 555(b) creates a nondiscretionary duty to act further on a "refused" visa, whereas Mr. Ceballos invokes 8 U.S.C. §§ 1153(a) and 1202(b) and 22 C.F.R. § 42.21(a) as the potential sources of that duty. See Compl. ¶ 40. Nonetheless, the Karimova decision forecloses Mr. Ceballos's arguments based on those other provisions. That is because the "thrust of" the court of appeals' holding in "Karimova . . . is that an INA [Section] 221(g) refusal followed by administrative processing is a refusal." Rezvani v. Rubio, Civil Action No. 24-03381 (CJN), 2025 WL 1293358, at *1 (D.D.C. May 5, 2025); see also, e.g., Ibrahim v. Spera, Civil Action No. 23-3563 (ABJ), 2024 WL 4103702, at *3 (D.D.C. Sep. 6, 2024) (rejecting the argument that Karimova is "confined to the issue of whether the APA alone created a duty for the [government] to complete administrative processing" because "one cannot read Karimova as saying anything other than a [Section] 221(g) refusal and placement in administrative processing was a conclusion"). As this Court has explained elsewhere, even if the provisions to which Mr. Ceballos points obligate the government to adjudicate Ms. Candelario's visa application, those provisions "stop short of creating a duty to further adjudicate a visa application that has already been refused by a consular officer and placed in administrative processing." Hurtado, 2025 WL 2757557, at *5; see Datta, 2025 WL 752643, at *8; see also Wazir v. Sanders, Civil

9

Action No. 25-4278 (RJL), 2026 WL 1983832, at *3-4 (D.D.C. July 9, 2026) (concluding that 8 U.S.C. §§ 1153(a) and 1202(b) and 22 C.F.R. § 42.21(a) "do not impose a mandatory duty for consular officers to act after a refusal under [Section] 221(g)").

Because Mr. Ceballos does not identify a clear requirement that the government act further on a visa application once a consular officer has issued a refusal under Section 221(g), Counts One and Two of his complaint must be dismissed.

### B. Constitutional Claim

In Count Three of his complaint, Mr. Ceballos brings a claim under the Due Process Clause of the Fifth Amendment. See Compl. ¶¶ 44-48. He contends that this claim rests on both the procedural and substantive components of due process. See id. ¶ 48. The government argues in its motion to dismiss that Mr. Ceballos has not stated a cognizable constitutional claim under either component. See MTD at 20-21. In his opposition, Mr. Ceballos does not respond to the government's argument with respect to his procedural due process claim. See Opp. at 30-31; Reply at 18-19. The Court therefore will treat the government's argument on that point as conceded. See Hedgeye Risk Mgmt., LLC v. Heldman, 271 F. Supp. 3d 181, 190 (D.D.C. 2017) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." (quoting Xenophon Strategies, Inc. v. Jernigan Copeland & Anderson, PLLC, 268 F. Supp. 3d 61, 72 (D.D.C. Aug. 1, 2017))).

As for his substantive due process claim, Mr. Ceballos argues that the delay in the adjudication of his wife's visa application "teeters on unconstitutionality" because it interferes with his "fundamental right to marriage and family unity." Opp. at 30. The "substantive

component" of the Fifth Amendment's due process protections "forbids the government to infringe certain 'fundamental' liberty interests." Reno v. Flores, 507 U.S. 292, 301-02 (1993). But Mr. Ceballos identifies no case applying the Fifth Amendment in the way he asks of this Court. "To the contrary, both the Supreme Court and the D.C. Circuit have held that U.S. citizens do not have a fundamental right to live in the United States with a noncitizen spouse." Javaid v. Armstrong, Civil Action No. 24-2716 (CRC), 2025 WL 2144100, at *3 (D.D.C. July 29, 2025); see Dep't of State v. Muñoz, 602 U.S. 899, 909 (2024); Colindres v. U.S. Dep't of State, 71 F.4th 1018, 1023 (D.C. Cir. 2023). Mr. Ceballos's Fifth Amendment claim therefore cannot survive the government's motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the government's Motion to Dismiss [Dkt. No. 7] is GRANTED; it is further

ORDERED that the plaintiffs' Petition for Writ of Mandamus and Complaint for Injunctive Relief [Dkt. No. 1] is DISMISSED; and it is further

ORDERED that this case is DISMISSED WITHOUT PREJUDICE pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This is a final appealable order. See FED. R. APP. P. 4(a).

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 8|3|26

11